UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MATASSA 5 LLC** | : | **Docket No.: 23-1019** |
| | : | |
| **Versus** | : | **Judge:** |
| | : | |
| **HANOVER INSURANCE COMPANY** | : | **Magistrate Judge:** |

## COMPLAINT

NOW COMES, MATASSA 5 L.L.C., Plaintiff, who, through undersigned counsel, respectfully represents that:

## PARTIES

1. Made Plaintiff herein is MATASSA 5 L.L.C. ("Plaintiff"), a Louisiana Limited Liability Company domiciled at 58680 St. Clement Avenue, Plaquemine, LA 70764 and doing business at 224 Railroad Avenue, Donaldsonville, LA 70346. All members of Matassa 5, L.L.C. are citizens of Louisiana.

2. Made Defendant herein is HANOVER INSURANCE COMPANY ("Defendant"), incorporated under the laws of the State New Hampshire, with a principal place of business at 4 Bedford Farms Drive, Suite 107, Bedford, NH 03110. Defendant is authorized to do business and issue policies in the State of Louisiana. Defendant may be served with process through the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court over this action is invoked pursuant to 28 U.S.C. §1332(a)(1), as there is complete diversity of citizenship between Plaintiff and Defendant.

4. The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000).

5. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this Judicial District, and/or a substantial part of property that is the subject of the action is situated in the Parish of Ascension, located in the Eastern District of Louisiana.

6. This Court has personal jurisdiction over Defendant because Defendant has continuous and systematic business activities in Louisiana and this judicial district. Upon information and belief, Defendant's business activities include, among other things, executing contracts of insurance with various Louisiana based entities and consumers.

7. This Court has subject matter jurisdiction because an actual case or controversy exists between the parties, as is evidenced by the facts and circumstances described herein. Plaintiff is, therefore, entitled to bring this action in this Court.

## FACTUAL BACKGROUND

8. Plaintiff contracted with Defendant to insure the property and businesses located at 224 Railroad Ave., Donaldsonville, Louisiana 70346. (hereinafter referred to as "insured premises").

9. The insured premises are the locations of a commercial rental company that services the Donaldsonville community.

10. The insured premises are covered under a policy issued by Defendant with policy number believed to be No. OHO-6207408-21 (hereinafter "the policy"). The policy was in full effect during the period of July 6, 2021 through July 6, 2022. Defendant assessed the risk and provided Replacement Cost Value coverage following their evaluation of the properties and business.

11. Plaintiff paid all premiums associated with the policy when due in a timely manner and without delay.

12. Plaintiff entered into the contract of insurance with the reasonable expectation that in return for the payment of the premium, Defendant would abide by the terms of their policy and pay for any covered losses that may occur.

13. On or about August 29, 2021, while the policy was in full force and effect, the insured premises sustained significant damages resulting from Hurricane Ida, a major category four hurricane.

14. Hurricane Ida resulted in extensive damage to Southeast Louisiana including shredding the power grid and damaging thousands of structures.

15. As a result of Hurricane Ida, the insured premises suffered extensive damage, particularly to its structure.

16. Plaintiff provided timely and proper notice of the claim to Defendant. Plaintiff reported this claim to defendant on or about September 7, 2021. Plaintiff has requested inspection reports from defendant. Defendant has only provided Plaintiff with an inspection report dated February 10, 2022.

17. Plaintiff is entitled to recovery of all benefits due under the policy resulting from the hurricane to the insured premises, including, but not limited to, the structural loss, business income, recoverable depreciation, and general contents loss.

18. Insurers have the duty to initiate loss adjustment of a property damage claim within fourteen (14) days after the notification of loss by a claimant, which may be extended by the Insurance Commissioner in the aftermath of catastrophic damage. *See* La. Stat. Ann. §22:1892(A)(3).

19. Defendant was given full access to inspect the insured premises after the loss. Defendant has had ample opportunity to view the extensive damage to the property.

20. Louisiana law provides claims handling timelines which are strictly construed.

21. Under La. Stat. Ann. §22:1892(A)(1), insurers must pay the amount of any claim due to any insured within thirty (30) days after receipt of satisfactory proof of loss from the insured or any party in interest. Under La. Stat. Ann. §22:1892(A)(4), all insurers must make a written offer to settle any property damage claim, within thirty (30) days after receipt of satisfactory proof of loss of that claim.

22. The arbitrary, capricious, or without probable cause failure to comply with La. Stat. Ann. §22:1892(A)(1) and §22:1892(A)(4) subjects the insurer to a penalty, in addition to the amount of loss, of fifty percent on the amount found to be due from the insurer to the insured or $1,000, whichever is greater. If partial payment of tender is made, the penalty is fifty percent of the difference between the amount paid or tendered and the amount due. These penalties are in addition to reasonable attorney fees and costs. La. Stat. Ann. §22:1892(B)(1). Further, La. Stat. Ann. §22:1892(A)(5) provides that an insurer shall issue a copy of the insurer's field adjuster report, relative to the insured's property damage claim, to the insured within fifteen days of receiving a request for such from the insured. The Defendant violated La. Stat. Ann. §22:1892(A)(5) by not providing the defendant with the initial field adjusters report.

23. In the alternative, if the report provided by Defendant dated February 10, 2022, is the initial report, Defendant has violated La. Stat. Ann. §22:1892(A)(3) for its failure to initiate loss adjustment of a property damage claim within fourteen (14) days after the notification of loss by a claimant.

24. Under La. Stat. Ann. §22:1973(A), insurers have an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with the insured. Failing to pay the amount of any claim due to any person insured by the contract within sixty (60) days after satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without, probable cause is a breach of the insurer's affirmative duty. *See* La. Stat. Ann. §22:1973(B)(5).

25. In addition to any general or specific damages to which the insured is entitled to, a breach of the 60-day timeline subjects the insurer to penalties in an amount not to exceed two (2) times the damages sustained or $5,000, whichever is greater. *See* La. Stat. Ann. §22:1973(C).

26. An insurer has satisfactory proof of loss once it has sent an adjuster to inspect the property, even if the adjuster provides an incomplete report, because the insurance company had the opportunity to discover the extent of the damages. *J.R.A. Inc. v. Essex Ins. Co.*, 2010-0797 (La. App. 4 Cir. 5/27/11), 72 So. 3d 862; *see also Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

27. The statutory timeline starts from the initial inspection and not from any final report by the insurer. *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

28. In compliance with their duties, Plaintiff has cooperated with Defendant and their consultants, making the properties fully and completely available for the viewing of the physical loss evidence.

29. Plaintiff has sent sufficient proof of loss to Defendant.

30. Defendant and their consultants knew or should have known that undisputed amounts of a claim must be disbursed and cannot be delayed because other portions of the claim have not been

decided. *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

31. Plaintiff has had to retain undersigned counsel to handle communications with Defendant in an attempt to come to claim conclusion.

32. In addition to the proof of loss evidenced on inspection and other information provided, a formal and sufficient proof of loss package with all the evidence of the loss was provided to Defendant on November 18, 2022.

33. The proof of loss submissions provided satisfactory proof of loss in so far as it contained all the Plaintiff's investigation of the claim and sufficient information providing the extent of the loss to allow the Defendant to make a determination on the loss, particularly the building coverage. The proof of loss contained an estimate of the damages caused by Hurricane Ida, a roof top report, an encircle report including hundreds of photos of the alleged damage, matterport 3-D images of the property, and receipts for temporary repairs after Hurricane Ida.

34. Defendant has failed to timely and reasonably adjust the loss. Defendant has made no response to the proof of loss at all.

35. Despite Defendant's failure to timely pay the evidenced loss, Plaintiff has continued to be available to work with Defendant and their consultants to ensure compliance with their duties under the policy.

36. Defendant has unjustifiably failed and/or refused to perform their obligations under the policy and have wrongfully or unfairly limited payment on the Plaintiff's claim.

## CAUSES OF ACTION

37. Each section below containing a cause of action fully incorporates all facts and allegations set forth in each section previously set forth herein.

## BREACH OF CONTRACT

38. Defendant breached the terms of the policy when it unjustifiably failed and/or refused to perform its obligations in accordance with its policy and Louisiana law by failing to pay for all benefits due to the Plaintiff.

39. This breach of the insurance contract was and is the direct and proximate cause of damage to the Plaintiff for the repair of Plaintiff's insured properties with like kind and quality material as existed at the time the hurricane occurred.

40. By virtue of the breach of contract, Defendant is liable to and owes Plaintiff for the actual damages sustained as foreseeable and a direct result of the breach and all other damages the Plaintiff may prove as allowed by the law.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

41. Defendant received satisfactory proof of the loss indicating the insurance benefits due to the Plaintiff but failed to timely investigate and settle the loss. Failure to make such payment within thirty days was arbitrary, capricious, and without probable cause, subjecting Defendant to a penalty, in addition to the amount of the loss, of 50% of damages on the amount found to be due from the insurer to the insured, as well as reasonable attorney's fees and costs pursuant to La. Stat. Ann. §22:1892.

42. Defendant failed to provide Plaintiff a copy of the field adjuster report, relative to the Plaintiff's property damage claim, to the Plaintiff within fifteen days of receiving a request for such from the Plaintiff in violation of La. Stat. Ann. §22:1892(A)(5).

43. In addition, Defendant owes Plaintiff an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle such claims but breached that affirmative duty by failing to pay the amount due on this claim within thirty days of receiving satisfactory proof of

loss by acting in an arbitrary, capricious, and without probable cause manner, subjecting Defendant to a penalty of two times the amount of damages sustained, or $5,000, whichever is greater, pursuant to La. Stat. Ann. §22:1973.

## DAMAGES

44. As a result of the actions of the Defendant, Plaintiff has suffered the following nonexclusive list of damages past, present, and future in amounts reasonable in the premises:

   a. Repair and remediation expenses;

   b. Structural damages;

   c. Loss of general contents;

   d. Loss of income;

   e. Inability to make appropriate repairs due to inadequate insurance payments;

   f. Any and all other applicable damages arising under any of the policy's sub-coverage limits, including but not limited to debris removal and increased cost of construction;

   g. Diminution in value of property;

   h. Actual damages related to the increased cost of repairs;

   i. Attorney's fees and penalties; and

   j. Costs of this litigation and any pre-litigation costs related to the insurer's failure to make adequate insurance payments.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff herein, MATASSA 5 LLC, prays that this complaint be filed into the record, that Defendant, , HANOVER INSURANCE COMPANY be cited to appear and answer same, and after due proceedings and a jury trial are had, there be judgment rendered in favor of

Plaintiff, MATASSA 5 LLC, and against Defendant, HANOVER INSURANCE COMPANY, for all damages as are reasonable in the premises, for all costs incurred in this matter, along with legal interest from the date of judicial demand until paid, all statutory penalties and attorney's fees, and all general and equitable relief available.

    Respectfully Submitted,
    GAUTHIER MURPHY & HOUGHTALING LLC

    */s/ Austin T. Robert*_____
    AUSTIN T. ROBERT (39445) (T.A.)
    SKYE S. FANTACI (28241)
    KEVIN R. SLOAN, (34093)
    L. SCOTT JOANE (21431)
    3500 N. Hullen Street
    Metairie, Louisiana, 70002
    Telephone:   (504) 456-8625
    Facsimile:    (504) 456-8624
    Email:        austin@gmhatlaw.com
                    skye@gmhatlaw.com
                    kevin@gmhatlaw.com
                    scott@gmhatlaw.com
    Attorneys for Plaintiff

Please serve this Complaint:

HANOVER INSURANCE COMPANY
Through its Agent of Process:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809